# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 17-1055V
(not to be published)

* * * * * * * * * * * * * * * * * * * * * * * *
ROSA MONZON,                          *
                                      *
                    Petitioner,       *               Chief Special Master Corcoran
                                      *
        v.                            *
                                      *               Filed:  January 14, 2022
SECRETARY OF HEALTH AND               *
HUMAN SERVICES,                       *
                                      *
                    Respondent.       *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * *

*Joseph Vuckovich*, Maglio Christopher & Toale, P.A., Washington, DC, for Petitioner

*Dhairya Jani*, U.S. Dep't of Justice, Washington, DC, for Respondent

## DECISION GRANTING IN PART ATTORNEY'S FEES AND COSTS[1]

On August 4, 2017, Rosa Monzon filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] The Petition alleged that Ms. Monzon develop polymyalgia rheumatica ("PMR") after receipt of the tetanus diphtheria-acellular-pertussis ("Tdap") vaccine on April 12, 2016. *See* Petition ("Pet.") at 2. Petitioner's diagnosis was subsequently changed to rheumatoid arthritis ("RA"), and RA was the asserted injury in this case. Ex. 13 at 2; Petitioner's Prehearing Brief at 1. An Entitlement Decision was filed on June 2, 2021, finding that Petitioner did not meet her burden in showing by a

---

[1] Because this Decision contains a reasoned explanation for my actions in this case, it must be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

preponderance of evidence that Petitioner likely experienced RA, that the Tdap vaccine could cause RA, or that it did so in this case. Decision, dated June 2, 2021, at 1–2 (ECF No. 52) ("Decision"). The Decision was not appealed, and judgment has entered in the case.

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated December 30, 2021 (ECF No. 56). Petitioner requests a total of $156,691.18 in attorney's fees and costs for the work of four attorneys and fifteen paralegals at Maglio Christopher & Toale, P.A., performed between June 2016 and December 2021. ECF No. 56-1 at 61–62. Respondent reacted to the fees request on January 6, 2022. *See* Response, January 6, 2022 (ECF No. 57). Respondent is satisfied the statutory requirements for an award of fees and costs have been met, and defers the calculation of the amount to be awarded to my discretion. *Id.* at 2–3. Petitioner filed a reply on January 6, 2022, arguing that Respondent's position is overly burdensome by forcing the Court to serve as the inquisitor and fact finder. *See* Reply, dated January 6, 2022. ECF No. 58 at 2–4. Nevertheless, Petitioner argues that she has met the burden of establishing reasonable fees and costs in requested amount. *Id.* at 4–5.

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$149,306.81**.

## ANALYSIS

### I.     Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a reasonable award of attorney's fees and costs to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs*., 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs*., 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Petitioner's claim was ultimately unsuccessful, but I find there was sufficient objective basis for it to entitle her to a fees and costs award. Even though the evidence best supported preclinical RA as the proper diagnosis, Petitioner was able to offer a number of reliable evidentiary items supportive of the RA diagnosis. For example, the presence of the anti-CCP antibodies, which Petitioner showed through a positive anti-CCP antibody test, is a significant factor in diagnosing RA. Although Petitioner did not preponderantly establish that the Tdap vaccine can cause RA, in light of the extremely lenient standard that governs reasonable basis determinations, a final award of fees and costs in this matter is permissible. And because I find no reason otherwise to deny a fees award, I will allow one herein.

## II.    Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs*., 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorneys, based on the years work was performed:

| Attorneys | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 |
|---|---|---|---|---|---|---|
| **Altom Maglio** | -- | $362.00 | -- | -- | $420.00 | -- |
| **Joseph Vuckovich** | -- | $290.00 | $300.00 | $315.00 | $345.00 | $370.00 |
| **Christina Unkel** | $295.00 | -- | -- | -- | -- | -- |
| **Isaiah Kalinowski** | -- | -- | -- | -- | -- | $430.00 |

ECF No. 56-1 at 61–62.

The attorneys at Maglio Christopher & Toale, P.A. practice in Washington, DC—a jurisdiction that has been deemed "in forum." Accordingly, the attorneys are entitled to the rates established in *McCulloch*. *See See Sauer v. Sec'y of Health & Hum. Servs.*, No. 17-780V, 2019 WL 4302891, at *3 (Fed. Cl. Spec. Mstr. Aug. 27, 2019). The rates requested for Mr. Maglio, Mr. Vuvkovich, and Mr. Kalinowski are also consistent with what has previously been awarded for their time, in accordance with the Office of Special Masters' fee schedule.[5] *See, e.g., Conte v. Sec'y of Health & Hum. Servs.*, No. 17-403V, 2021 WL 1120983, at *2 (Fed. Cl. Spec. Mstr. Feb. 19,

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Mar. 22, 2021).

4

2021); *Littrell v. Sec'y of Health & Hum. Servs.*, No. 17-796V, 2019 WL 2281746, at *2 (Fed. Cl. Spec. Mstr. Apr. 24, 2019); *Sharkey v. Sec'y of Health & Hum. Servs.*, No. 99-669V, 2014 WL 5786559, at *1 (Fed. Cl. Spec. Mstr. Oct. 17, 2014). I thus find no cause to reduce their rates in this instance. Although I could not find prior cases for Ms. Unkel in the Program and she did not provide an affidavit of her experience, the total sum is reasonable for time she devoted to the matter as well.

Otherwise, I award all attorney time devoted to the matter, as well as paralegal time (at the requested rates).[6]

## III.    Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioners seek $25,497.08 in outstanding costs, including medical literature and medical record retrieval costs, plus costs associated with the work of a single expert, Daniel Wallace, M.D. ECF Nos. 19, 24, 25. I shall award all costs as requested, with the exception of costs relating to Dr. Wallace's work on the matter.

Dr. Wallace had a retainer fee of $2,500.00. ECF No. 56-2 at 1. He testified at the hearing and authored three expert reports, billing $22,200.00 in total at a rate of $800 per hour. ECF Nos. 56 at 3; 56-2 at 1–2. This hourly rate is problematic. Although a rate of $800 has been awarded to experts in the past, Dr. Wallace is not an experienced Program expert, and does not appear to have offered any prior opinions in Program cases outside of this matter. Thus, there is no authority

---

[6] The rates for the fifteen paralegals who worked on this matter are also consistent with what has been previously been awarded and in accordance with the Office of Special Masters' fee schedule. ECF No. 56-1 at 61–62. Specifically, Amanda Ramos charged one rate of $95.00 and another rate of $105.00 in 2016; $145.00 in 2017; $148.00 in 2018. Amy Semaine charged $155.00 in 2021. Ana Khundzak charged $145.00 in 2017. Ashlee Arakelian charged $145.00 in 2017. Dashea King charged $145.00 in 2020. Elyssa Estrella charged $160.00 in 2020 and $165.00 in 2021. Gricely Gonzalez charged $105.00 in 2016. Katherine Ochoa Castillo charged $154.00 in 2019 and $160.00 in 2020. Kimberly Dutra charged $148.00 in 2018; $154.00 in 2019; $165.00 in 2021. Kristin Harding charged $145.00 in 2017. Lindsay Wilkinson charged $165.00 in 2021. Maria Rodriguez-Castro charged $160.00 in 2020 and $165.00 in 2021. Melissa Sealy charged $148.00 in 2018. Rosa Salgado charged $145.00 in 2017 and $148.00 in 2018.

establishing the appropriateness of the requested rate – which exceeds what is paid to even well-experienced, frequently-appearing experts. I will instead award the lesser rate of $500 per hour, which is a high (and thus very generous) rate for new Program experts.

As such, the new total amount I will award for Dr. Wallace's work is $14,815.63.[7] The total amount of costs I will award is $18,112.71.[8]

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees and Costs, and award a total of **$149,306.81,** reflecting $131,194.10 in attorney's fees and $18,112.71 in costs, in the form of a check made jointly payable to Petitioner and her law firm Maglio Christopher & Toale, P.A.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[9]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[7] I would note that Petitioner found that Dr. Wallace worked a total of 22.75 hours, but that amount is incorrect given that a rate of $800.00 for 22.75 = $18,200.00. Even including the retainer fee of $2,500.00 only amounts to $20,700.00. As it stands, Dr. Wallace billed $22,200.00 total, so this amount (less the retainer fee of $2,500.00) = $19,705.00. $19,705.00 divided by an hourly rate of $800.00 = 24.63 hours. To get to the new total, a rate of $500.00 multiplied by 24.63 hours = $12,315.63. This amount added to the retainer fee of $2,500.00 equals a new total of $14,815.63.

[8] The requested total amount of costs ($25,497.08) subtracted by the previous amount charged by Dr. Wallace ($22,200.00) = $3,297.08 in the remainder of Petitioner's costs. Thus, the new total is these costs ($3,297.08) plus the new total for Dr. Wallace ($14,815.63) = $18,112.71.

[9] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

6